David A. Feinerman, Esq.
2765 Coney Island Avenue, 2nd floor
Brooklyn, New York 11235
Tel: (718) 646-4800

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

           New Café Minutka, Inc.
           d/b/a as Home Cooking Café

                        Debtor.
------------------------------------------------------------x

Case No. 1-19-42357-nhl

Chapter 11

## OBJECTION TO MOTION OF DEBTOR, NEW CAFÉ MINUTKA, INC.
## TO DISALLOW CLAIM NO. 7 OF SHAROF AMINOV

### BACKGROUND

1. On January 14, 2019, a complaint was filed in the United States District Court, Eastern District of New York against the debtor, Home Made Cooking Café.

2. The debtor was served with the summons and complaint on January 30, 2019

3. The debtor's attorney filed a Notice of Appearance on February 26, 2019 and said attorney also requested an extension of time to file an answer.

4. The debtor's attorney filed a motion to dismiss on jurisdictional grounds, but the motion was stayed once the within Chapter 11 bankruptcy proceeding was filed.

5. The plaintiffs in said action, ERKIN RAYSHANOV and SHAROF AMINOV, had also filed an amended complaint in said action, which is annexed hereto as Exhibit A.

6. The complaint of the plaintiffs, ERKIN RAYSHANOV and SHAROF AMINOV contained allegations of the debtor's failure to pay proper minimum wage and overtime salaries in violation of the Fair labor Standards Action and New York Labor Law.

7. The complaint clearly alleges that the plaintiffs, who are creditors in the within Chapter 11 proceeding, worked approximately 90 hours per week and were not paid the legally required minimum wage and overtime.

8. The debtor's attorneys, both in the District Court proceeding and the within Bankruptcy proceeding admitted that the claims of ERKIN RAYSHANOV and SHAROF AMINOV was the only reason the debtor filed for Bankruptcy.

9. The debtor was fully aware of the claims of the creditors ERKIN RAYSHANOV and SHAROF AMINOV.

10. The proof of claims filed with the Court contained all of the necessary requirements pursuant to Bankruptcy Rule 3001.

11. At any time, the debtor's attorney could have requested an explanation as to how the amounts of claims were calculated.

12. At the 341 meeting of creditors, the debtor's attorney was advised of the creditor's claims and the creditor's attorney was prepared to discuss settlement of the claims at any time.

13. Up until the filing of the debtor's motion to disallow the fully legitimate claims of the creditors, the debtor's attorney has never once attempted to discuss the claims.

14. For practical purposes, the following is a breakdown of creditor SHAROF AMINOV's claim for unpaid wages.

    a. Creditor AMINOV worked ninety-one (91) hours per week from May 1, 2017 through December 31, 2018.

    b. In 2017, minimum wage was $11,.00 per hour and overtime was $16.50 per hour over 40 hours. At 91 hours per week, salary should have been $1,281.50 per week. Creditor AMINOV should have received $41,008.00 in salary for 32 weeks.

    c. In 2018, minimum wage was $13.00 per hour and overtime was $19.50 per hour over 40 hours. At 91 hours per week, salary should have been $1,514.50 per week. Creditor should have received $78,754.00 in salary for 52 weeks.

    d. Creditor was only paid $12,800 for the entire employment period, which left a balance of $106,902.00 in unpaid wages.

    e. According to the FLSA, creditor is entitled to liquidated damages of $106,902.00, which leaves a total due of $213,924.00.

    f. Creditor AMINOV is also entitled to $5,00.00 in statutory penalties pursuant to New York Labor Law for debtor's failure to provide accurate wage statements. Creditors were paid in cash.

    g. Total claim is $218,924.00

15. The debtor's attorney argues that the creditor has failed to provide any proof as to their claims. The debtor paid the creditors in cash and never supplied payroll statements, checks or any other required tax forms.

16. In the District Court proceeding, the debtor would be required to provide payroll records to contradict any claims of the creditors. Unfortunately, the creditors do not possess

any documentation to support their claims because the debtor failed to provide any as required by law.

17. In fact, the statutory penalty of $5,000.00, which is made part of the creditors claim is imposed by New York Labor Law for the debtor's failure to provide wage statements.

18. The debtor's attorney's assertion that no documentation was provided is disingenuous since she is well aware that the creditors were paid in cash and that no payroll records exist.

19. In conclusion, the debtor-s motion to disallow creditor's claim #6 should be denied in all respects.

Dated: March 10, 2020
      Brooklyn, New York

Respectfully submitted,

__s/   DF 3320_____
David A. Feinerman, Esq.
2765 Coney Island Avenue, 2nd floor
Brooklyn, New York 11235
(718) 646-4800

*Attorney for Creditor SHAROF AMINOV*